HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* ELIZABETH C. HOUST and Others, Defendants.

County Court, Westchester County, July 6, 1938.

*Thomas F. Hennessy*, for the plaintiff.

*Fogarty, Ramey & Moynihan*, for the defendants.

COYNE, J.   Petitioner, the Home Owners' Loan Corporation, as the plaintiff-purchaser of premises acquired at a sale on the foreclosure of a mortgage by advertisement, has instituted this proceeding, pursuant to subdivision 2 of section 1411 of the Civil Practice Act, to recover possession of the premises.   The property involved is respondents' home, located at No. 12 North Trenchard street, Yonkers, N. Y.   It is conceded that respondents were in arrears on the mortgage, and that a default occurred in the payment of $6,567.40, the principal sum of the mortgage.   Respondents, as the mortgagors and persons in possession of the premises, admit the regularity of the foreclosure proceeding, and also of this proceeding, but oppose the granting of a final order on the ground that no power of sale was contained in the mortgage foreclosed.   In answer to the petition, they allege most correctly, that in a proceeding to foreclose a mortgage by advertisement under article 17 (§ 540 *et seq.*) of the Real Property Law, the mortgage so foreclosed must contain a power of sale, and contend that due to the alleged absence of a power of sale in this instance, the title to the premises has not passed to the petitioner, but is still in respondent, Elizabeth C. Houst.   Clearly, the mortgage in question does not contain any words or phrases which in and of themselves directly express a power to sell.   It does, however, contain the statutory covenant " that the mortgagor will pay the indebtedness, as hereinbefore provided."   Petitioner contends that his covenant is construed by statute (Real Prop. Law, § 254, subd. 3) to include and to constitute a power of sale.   Respondent, relying in part upon the punctuation and grammatical construction of the statute, contends to the contrary.   The interpretation of the statute is before the court.   The question to be determined is: Does the covenant " that the mortgagor will pay the indebtedness, as hereinbefore provided," carry with it and constitute a power of sale?   In the briefs, counsel have reviewed the history of the various sections of the law involved, and have cited such authorities as they believed pertinent.   While no exact precedent has been found, I am satisfied from all presented, and particularly from the entire context of subdivision 3 of section 254 of the Real Property Law, that the covenant in question does create and constitute a statutory power to sell.   In my opinion, the Legislature in enacting this abbreviated covenant intended it to be construed as meaning that upon default in payment, the mort-

gagee had a power of sale, and also intended that when used, the abbreviated covenant should be deemed to express such a power, with the same force and effect as if more elaborate and precise words had been used. Accordingly, I hold that a power of sale was contained in the mortgage.

In consequence of the foreclosure, petitioner is entitled to the possession of the premises. Final order granted. The issuance of the warrant may be stayed pursuant to section 1441 *et seq.* of the Civil Practice Act, upon proper application of respondents. Submit order.